

R-906

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 14, 1947

*See m-469*
*of art 6701d*
*Au 27(d)+*
*169*

Hon. Alfred M. Clyde
Criminal District Attorney
Fort Worth, Texas

Opinion No. V-429

Re: Authority of the
Commissioners' Court
to promulgate traf-
fic regulations.

Dear Sir:

We refer to your recent letter to this Depart-
ment which reads in part as follows:

"Section 31 of the Traffic Regulation
as enacted by the last Legislature, reads
as follows:

"'Section 31. LOCAL TRAFFIC - CONTROL
DEVICES. (a) Local authorities, in their
respective jurisdiction, may place and main-
tain any traffic-control devices upon any
highway under their jurisdiction as they may
deem necessary to indicate and carry out the
provisions of this Act, or local traffic
ordinances, or regulate, warn or guide traf-
fic. All such traffic-control devices here-
after erected shall conform to the State
Highway Department's manual and specifica-
tions.'

"The trustees and patrons of a school
known as Indian Oaks, an unincorporated com-
munity, have requested the Commissioners
Court of Tarrant County to enact or pass an
order or restriction fixing the legal rate
of speed in the school zone at 20 miles per
hour. The State Highway patrolmen have as-
sured the patrons of this school that if the
Commissioners Court would enact such a regu-
lation or order that they would enforce it,
but I am in doubt as to the authority of the
Commissioners' Court to pass any sort of an
order regulating traffic, especially if they
undertake to attach to such order a penalty
for its violation, and if they have no au-

thority to pass an order or resolution fix-
ing the rate of speed or providing a penalty
for its violation, then I am fearful that the
officer making an arrest for the violation of
such an order would not be protected and
might be sued for false imprisonment or un-
lawful arrest. I would therefore appreciate
an opinion from you on the following ques-
tions:

"(1) Where Subdivision (a) of Section
31 says 'Local authorities, in their respec-
tive jurisdiction, may place and maintain any
traffic-control devices upon any highway under
their jurisdiction as they may deem necessary
to indicate and carry out the provisions of
this Act, or local traffic ordinances, etc.',
would the term 'Local authorities' include a
Commissioners' Court, or does it have refer-
ence only to local authorities having Legisla-
tive authority such as City Councils, Boards
of Aldermen, etc., which have Legislative pow-
ers. It has not been my thought that a Com-
missioners' Court had authority to enact any
sort of traffic regulations and affix a pen-
alty for violation of such traffic regulations."

The Regulation Traffic Act in question is Sen-
ate Bill No. 172, Acts of the 50th Leg., R.S., 1947.

Article 2351, V.C.S., among other things, pro-
vides that the Commissioners' Court shall "exercise gen-
eral control over all roads, highways, ferries, and
bridges in their County."

Section 12 of the Traffic Regulation Act is as
follows:

"Sec. 12. Local Authorities. Every
county, municipal, and other local board or
body having authority to enact laws relating
to traffic under the constitution and laws
of this State."

In Texas Jurisprudence, Vol. 11, p. 563, we
find the following:

"Counties, being component parts of the
state, have no powers or duties except those

which are clearly set forth and defined in
the constitution and statutes.  The statutes
have clearly defined the powers, prescribed
the duties, and imposed the liabilities of
the commissioners' courts, the medium through
which the different counties act, and from
those statutes must come all the authority
vested in the counties. .    . The commission-
ers' court is not vested with any general po-
lice power."  (Emphasis ours)

Article 6663, V.C.S., is in part as follows:

"The administrative control of the State
Highway Department, hereinafter called the
Department, shall be vested in the State High-
way Commission, hereinafter called the Commis-
sion, and the State Highway Engineer. . . ."

Article 6673 provides that:

"The Commission is authorized to take
over and maintain the various State Highways
in Texas, . . ."

Section 8 of Article 827a, V.P.C., provides in
part as follows:

"The State Highway Commission shall have
the power and authority upon the basis of an
engineering and traffic investigation to de-
termine and fix the maximum, reasonable and
prudent speed at any road or highway inter-
sections, railway grade crossings, curves,
hills, or upon any other part of a highway,
less than the maximum hereinbefore fixed by
this Act, taking into consideration the width
and condition of the pavement and other cir-
cumstances on such portion of said highway
as well as the usual traffic thereon.  That
whenever the State Highway Commission shall
determine and fix the rate of speed at any
said point upon any highway at a less rate of
speed than the maximum hereinbefore set forth
in this Act and shall declare the maximum,
reasonable and prudent speed limit thereat
by proper order of the Commission entered on
its minutes, such rate of speed shall become
effective and operative at said point on said

highways when appropriate signs giving
notice thereof are erected under the
order of the Commission at such inter-
section or portion of the highway.

"That whenever the governing bodies
of incorporated cities and towns in this
State within their respective jurisdic-
tions determine upon the basis of an en-
gineering and traffic investigation that
the maximum reasonable and prudent speed
at any intersection or other portion of
the highway, based upon the intersections,
railway grade crossings, curves, hills,
width and condition of pavement and other
conditions on such highway, and the usual
traffic thereon, is greater or less than
the speed limits hereinbefore set forth,
said governing bodies shall have the pow-
er and authority to determine and declare
the maximum reasonable and prudent speed
limit thereat, which shall be effective
at such intersection or other place."

We concur in the statement in your brief where-
in you say that:

". . . the setting up and maintaining
of traffic control devices is an exercise
of a general police power and is vested
either in incorporated cities and towns
through which such highways pass, or in
the State Highway Commission, and could
not be exercised by the Commissioners
Court unless such power was granted by the
Constitution or statutes.  We are of the
opinion that the control over roads, high-
ways, etc., as set forth in Art. 2351 has
to do with the construction and maintenance
of such roads and does not authorize the
Commissioners Court to set up rules and re-
gulations for the use of the same."

Therefore, in view of the foregoing, it is the
opinion of this Department that the term "local author-
ities" as used in this Act, does not include Commission-
ers' Courts but has reference only to those local author-
ities such as City Councils and Boards of Aldermen which
have legislative authority to pass an order regulating

traffic and affixing a penalty, and that the Commissioners' Court of Tarrant County does not have the authority to pass any order regulating traffic in the county and affixing a penalty for violation of such regulation.

We appreciate the brief submitted to this office along with your request.

### SUMMARY

The term "local authorities" as used in S. B. 172, Acts of the 50th Leg., R. S., 1947, does not include Commissioners' Courts but has reference only to those local authorities such as City Councils and Boards of Aldermen, which have legislative authority to pass an order regulating traffic and affixing a penalty, and the Commissioners' Court of Tarrant County does not have the authority to pass an order regulating traffic in the county or part of the county and affixing a penalty for violation of such regulation.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*

Bruce Allen
Assistant

BA:djm

APPROVED:

*Price Daniel*

ATTORNEY GENERAL